UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIC SCOTT,

                Plaintiff,

        v.                              Case No. 17-CV-140

MEGHAN RODRIQUEZ,
SPENCER SIARNICKI,
SCOTT WALKER, and,
JON E. LITSCHER,

                Defendants.

# ORDER

Plaintiff Demetric Scott, a Wisconsin state prisoner who is representing himself, filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. This matter comes before the court on Scott's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) and for screening of the complaint (ECF No. 1).

<u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

The Prison Litigation Reform Act ("PLRA") allows inmates to proceed with their lawsuits in federal court without pre-paying the full case filing fee. 28 U.S.C. § 1915.

Inmates must comply with certain requirements, one of which is to pay an initial partial filing fee. 28 U.S.C. § 1915(b). The court assessed an initial partial filing fee of $1.90. (ECF No. 5.) Scott paid that amount on February 22, 2017. Therefore, the court will grant Scott's motion for leave to proceed without prepayment of the filing fee.

## Screening of the Complaint

The PLRA requires courts to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The complaint must contain sufficient factual matter that when accepted as true "states a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Federal courts follow the two-step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Iqbal*, 556 U.S. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not support by facts "are not entitled to the assumption of truth." *Id*. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Factual Allegations

The factual allegations in the complaint involve three separate time periods. (ECF No. 1 at 2-8.) The facts involving Correctional Officer Meghan Rodriquez arise from Scott's incarceration at the Waupun Correctional Institution ("WCI") in March 2014. (*Id*. at 2-5.) The facts involving Probation Agent Spencer Siarnicki arise from an "unlawful

search" at Scott's residence in May 2015. (*Id*. at 6.) And the facts involving the third incident (no individual defendants are identified) occurred at WCI in November and December 2016. (*Id*. at 7-8.)

1. *March 2014*

On March 20, 2014, Rodriquez distributed medication at WCI. (*Id*. at 2.) She tried to give Scott five psychotropic pills. (*Id*.) Scott explained that he usually only received three pills at bedtime and asked Rodriguez to check his medication chart. (*Id*.) Scott also told Rodriguez that his doctor would not change his medication without examining him, and that a different correctional officer, Tereance Lash (not a defendant), had given him the wrong inmate's prescription in August 2013. (*Id*. at 3.) Rodriquez stated "how and the fuck should I know any of this, I just work here." (*Id*.) Scott took all of the medication that Rodriquez gave him and within 45 minutes became violently sick. (*Id*.)

Scott later reviewed his medical records and found numerous errors, including failure to note the dosage he received and failure to note whether he actually took his medication on a particular day. (*Id*. at 4.) Scott alleges that correctional officers should not be allowed to distribute prescription medication, a task that should be performed only by a medical professional, such as a doctor or nurse. (*Id*. at 4-5.)

2. *May 2015*

On or around May 4, 2015, Scott was at his home at 3119 West Walnut St. in Milwaukee. (*Id*. at 6.) A Milwaukee County police officer and two probation agents,

4

including Siarnicki, conducted a home inspection. (*Id*.) Scott states that Siarnicki thought that Scott was placing contraband inside his underwear. (*Id*.) As a result, Siarnicki "charged at [Scott] with so much force [that Scott] was knocked to the floor." (*Id*.) Siarnicki, along with the two other individuals, pulled down Scott's clothing, exposing his naked buttocks. (*Id*.) Siarnicki then placed his fingers inside Scott's rectum to conduct an illegal cavity search. (*Id*.) The cavity search caused excruciating pain. (*Id*.)

   3. *November and December 2016*

Between November 22, 2016, and December 14, 2016, WCI staff deprived Scott of recreation time. (*Id*. at 7.) Scott was confined to a small space, 24-hours a day, for twenty-three consecutive days. (*Id*.) Scott has several mental illnesses, such as paranoia, schizophrenia, intermittent explosive disorder, mood swings, and antisocial personality disorder, and deprivation of exercise during the twenty-three day period aggravated his mental condition. (*Id*.)

<u>Analysis of Factual Allegations</u>

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). However, "[u]nrelated claims against different defendants belong in different suits" to prevent prisoners from dodging the fee payment or three strikes provisions in the PLRA. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1

5
Case 2:17-cv-00140-WED   Filed 03/24/17   Page 5 of 9   Document 10

should not be joined with unrelated Claim B against Defendant 2." *Id*. To that end, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Scott's complaint includes multiple claims (deliberate indifference, excessive force, illegal search, and conditions of confinement), during different time periods, against multiple, unrelated defendants (Correctional Officer Rodriquez at WCI, Probation Officer Siarnicki, Governor Scott Walker, and DOC Secretary Jon Litscher). As a result, Scott's complaint violates Rules 18 and 20. He may not proceed with it in its current form. *See George*, 507 F.3d at 607 (concluding that "buckshot complaints" should be "rejected.")

The court will allow Scott to file an amended complaint incorporating only properly related claims. He may bring unrelated claims in a separate action. Scott is advised that an amended complaint supersedes a prior complaint, and any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). The amended complaint must bear the docket number assigned to this case and must be labeled

6

"Amended Complaint." If Scott does not file an amended complaint that complies with the requirements of Rules 18 and 20, this action will be dismissed.

Scott is also advised that 42 U.S.C. § 1983 creates a cause of action based on personal liability. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). "[L]iability does not attach unless the individual defendant caused or participated in a constitutional violation." *Id*. This means that in the amended complaint Scott must identify individual defendants who violated his constitutional rights. For example, if he chooses to proceed with his third claim, he must identify which WCI employees denied him recreation time in 2016. Further, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, Scott must specifically identify what actions Governor Scott Walker and DOC Secretary Jon Litscher took, or did not take, to violate his constitutional rights. The mere fact that they are heads of government is an insufficient basis for stating a claim against them under § 1983.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must file an amended complaint on or before **April 21, 2017**, containing only related claims as described in this Order.

**IT IS ALSO ORDERED** that, if the plaintiff does not file an amended complaint that complies with the requirements of Rules 18 and 20 by **April 21, 2017**, this action will be dismissed for failure to prosecute.

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the **$348.10** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the Kettle Moraine Correctional Institution where the plaintiff is confined.

**IT IS ALSO ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 24th day of March, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge